# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROSEMARIE D'ALTO,

    Plaintiff,

vs.                                                No. CIV 01-561 LH/WWD ACE

CHARLES FENZI, M.D.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment as to Insufficient Negligence Claim and Memorandum Brief in Support (Docket No. 30), filed March 4, 2002. The Court, having considered the briefs submitted by the parties, having heard oral arguments on October 10, 2002, and otherwise being fully advised, finds that Defendant's motion is **not well-taken** and should be **denied.**

    In this medical malpractice case, Defendant's motion for summary judgment is entirely predicated on the Court first finding that Dr. Weaver's proffered testimony is not admissible under New Mexico law or under Federal Rule of Evidence 702. Defendant asserts that summary judgment should be granted because, without an expert witness, Plaintiff would not be able establish the essential elements of her negligence claim. Plaintiff contends that her expert is sufficiently qualified to testify because he is a medical doctor who performs the procedures in question in this case and, in any event, he is competent to testify about the applicable standards of care.

**Legal Standards**

In order for the Court to grant a motion for summary judgment, the movant must establish that there are no material facts in dispute and that he should prevail as a matter of law. FED. R. CIV.P. 56(c). The burden of showing that no genuine issue of material fact exists is borne by the moving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When, as in this case, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by identifying "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id*. at 671. This court draws all reasonable inferences in favor of the nonmoving party. *Id*.

**Analysis**

The existence of a dispute of material facts in this case depends on the admissibility of a *source* of facts, namely, expert witness testimony. The Court must, therefore, rule that the expert witness testimony is inadmissible before it could grant summary judgment.

The hearing on October 10, 2002 was not an evidentiary hearing, and the portions of the deposition testimony submitted with the parties' briefs on the motion for summary judgment did not provide the Court with sufficient bases upon which to exercise its "gate-keeping" function and rule on the admissibility of Dr. Weaver's testimony. *See Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). Without sufficient evidence about Dr. Weaver's qualifications and the reliability and helpfulness of his proffered testimony, Plaintiff has not established that Dr. Weaver's testimony should be admitted, as is her ultimate burden. However, neither is the Court convinced that Dr. Weaver's testimony should *not*

be admitted under the standards of *Daubert* and its progeny. Thus, the Court will neither admit nor exclude Dr. Weaver's testimony at this time.[1]

Because the admissibility of Dr. Weaver's testimony is not resolved, the facts to which Dr. Weaver would testify remain in dispute, and summary judgment should be denied.

**IT IS, THEREFORE, ORDERED**, for the reasons stated herein and on the record at the October 10, 2002 hearing, that Defendant's motion for summary judgment is **denied.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that, for summary judgment purposes, Plaintiff needs only to establish that a genuine dispute of material fact exists. Thus, Plaintiff need not accomplish, at this juncture, the admission of her expert witness's testimony for trial. She needs only to establish that it is inappropriate for the Court to disqualify him at this time.